**E-FILED**
Friday, 30 July, 2010  11:02:11 AM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### URBANA DIVISION

| | | |
|---|---|---|
| **MICHAEL JENKINS,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 09-CV-2209** |
| | ) | |
| **NEDRA CHANDLER, Warden,** | ) | |
| **Dixon Correctional Center,** | ) | |
| | ) | |
| **Respondent.** | ) | |

## OPINION

This case is before the court for ruling on the pro se Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (# 1) filed by Petitioner, Mr. Michael Jenkins.  The court has closely reviewed the arguments and supporting documentation filed by both parties.  Upon complete and careful review, this court agrees with Respondent that the Petition filed in this case is untimely.  Therefore, Respondent's Motion to Dismiss (#10) is GRANTED and Petitioner's Petition (#1) is dismissed as untimely.

### FACTS

On April 21, 1999 in the Circuit Court of Coles County, Petitioner, Mr. Michael Jenkins (Jenkins), pleaded guilty to attempted murder, aggravated discharge of a firearm and aggravated robbery.  Petitioner was sentenced to serve 60 years on each conviction, with the sentences to run concurrently, and is currently incarcerated at Dixon Correctional Center under the custody of Warden Nedra Chandler.  Pursuant to the plea agreement, ten other counts were dismissed and Petitioner was advised of his right to appeal.  Petitioner filed no direct appeal.

Nearly four years later, Petitioner filed several pro se pleadings contesting his conviction.

Beginning on February 13, 2003, Petitioner filed a "Petition to Enforce Plea Agreement or in the alternative to Withdraw Guilty Plea."  A hearing on the matter was held on April 15, 2003, with sworn testimony and argument presented.  Said Petition was denied on June 11, 2003.  Petitioner subsequently appealed, only to have the state appellate court reaffirm the holding on August 30, 2005 and issue its mandate on September 29, 2005.  The record indicates that Petitioner failed to appeal to the Illinois Supreme Court.  On January 3, 2007, Petitioner filed a pro se post-conviction petition pursuant to 725 Ill. Comp. Stat. 5/122-1.  On February 15, 2007, the state court dismissed this petition as frivolous and/or patently without merit.  Petitioner did not appeal the post-conviction dismissal.  On May 18, 2009, Petitioner filed a pro se Motion to Vacate Judgment on Attempted Murder and Aggravated Discharge of a Firearm with a prayer to recharge with Aggravated Assault with a Deadly Weapon.  The Circuit Court for the Fifth Judicial Circuit of Coles County dismissed the motion on June 5, 2009.

Finally, on August 27, 2009, this court received the instant Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 by a Person in State Custody (#1) from Petitioner in addition to a Motion for Leave to Proceed in Forma Pauperis (#2).  On September 14, 2009, this court granted Petitioner's Motion for Leave to Proceed in Forma Pauperis.  On November 13, 2009, Respondent filed a Motion to Dismiss (#10) as time-barred.

ANALYSIS

I. STANDARD UNDER AEDPA

As Petitioner filed his habeas petition after April 24, 1996, the petition is reviewed under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  Lindh v. Murphy, 521 U.S. 320, 336 (1997); Benefiel v. Davis, 357 F.3d 655, 659 (7th Cir. 2004).  Pursuant to the

AEDPA, a one-year period of limitations applies to a habeas corpus petition filed by a person in state custody. 28 U.S.C. § 2244(d)(1); Allen v. Siebert, 552 U.S. 3, 4 (2007). More specifically, 28 U.S.C. § 2241(d)(1)(A)-(D) provides this limitation period shall run from the latest of: 1) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; 2) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; 3) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or 4) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Petitioner does not assert that any of the last three situations apply to his case; therefore, both the Respondent and this court calculate the timeliness of Petitioner's Peition (#1) under 28 U.S.C. § 2244(d)(1)(A). Thus, the issue is whether more than one year has elapsed between the legally recognized finality of Petitioner's judgment and the date he filed his habeas petition. As 28 U.S.C. § 2244(d)(1)(A) states, a judgment becomes final "by the conclusion of direct review or the expiration of the time for seeking such review." In this case, Petitioner had thirty days to file a notice of appeal. As Petitioner did not pursue a direct appeal of his guilty plea, his conviction became final on May 21, 1999, following the thirty-day period to withdraw his guilty plea. See United States ex re. Soto v. Liebach, 2004 WL 2222267, at *1-2 (N.D. Ill. 2004). Consequently, the one-year period of limitations for Petitioner to file a timely writ pursuant to 28 U.S.C. § 2254 terminated on May 21, 2000. See Newell v. Hanks, 283 F.3d 827, 833 (7th Cir.

2002).  As Petitioner neglected to file a petition until August 27, 2009, the petition at issue is wholly untimely.

Under 28 U.S.C. § 2244(d)(2) , the one-year period of limitations is tolled during the pendency of a "properly filed application" for state post-conviction or other collateral review. However, the Seventh Circuit has held an application for collateral review filed after the expiration of the limitations period has no tolling effect.  See Graham v. Borgen, 483 F.3d 475, 483 (7th Cir. 2007).  In Graham, the Seventh Circuit found a petitioner who did not have a properly filed application for collateral review pending at any time between the date when his judgment became final and the end of the one-year limitations period was not subject to the tolling effect under the AEDPA statute of limitations.  Graham, 483 F.3d at 483.

The habeas petition in the case at bar is certainly analogous to Graham as both petitioners lacked a timely and "properly filed application" that would trigger tolling under 28 U.S.C. § 2244(d)(2).  The record indicates Petitioner filed nothing between May 21, 1999, when his conviction became final, and February 13, 2003 when he filed his first post-conviction appeal, a "Petition to Enforce Plea Agreement on in the alternative to Withdraw Guilty Plea." Respondent's "Motion to Dismiss" (#10) correctly notes that 998 days elapsed between these two events.  Therefore, even if Petitioner's 2003 petition was deemed a properly filed application for post-conviction relief under 28 U.S.C. § 2244(d)(2), the petition could not toll the limitations period as the statute of limitations had long since expired.  The same rule applies to Petitioner's other petitions filed after 2003; even if this court considered them properly filed post-conviction applications as required by 28 U.S.C. § 2244(d)(2), they were filed after the one-year limitations

period under 28 U.S.C. § 2244(d)(1) had already expired.  As such, the tolling of 28 U.S.C. § 2244(d)(2) is not applicable.

This court notes that a petitioner may request that this court apply equitable tolling to excuse his untimeliness.  A litigant seeking equitable tolling bears the burden of establishing: 1) he has been pursuing his rights diligently; and 2) some extraordinary circumstance stood in his way.  Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); See also Tucker v. Kingston, 538 F.3d 732, 734 (7th Cir. 2008).  With respect to habeas petitions, the Seventh Circuit has ruled that "[e]quitable tolling is proper when extraordinary circumstances outside of the petitioner's control prevent timely filing of the habeas petition."  Lo v. Endicott, 506 F.3d 572, 576 (7th Cir. 2007).  However, the Seventh Circuit has also noted that "[e]quitable tolling is rarely granted."  Lo, 506 F.3d at 576.  Indeed, the Seventh Circuit has acknowledged that equitable tolling may only apply to 28 U.S.C. § 2244 when "judge-made doctrine does not conflict with the express tolling provisions listed in § 2244(d)."  Lo at 576.

In the present case, Petitioner has neither raised the issue of equitable tolling nor proffered any extraordinary circumstances that prevented him from filing a timely petition under 28 U.S.C. § 2254.  This court finds nothing to justify the application of equitable tolling to the case at bar.  Respondent has duly noted, and this court concurs, there were no extraordinary circumstances outside Petitioner's control which prevented him from filing a timely petition.  Consequently, Petitioner's petition is deemed time-barred; neither tolling under 28 U.S.C. § 2244(d)(2) nor the doctrine of equitable tolling dictate otherwise.

## II. CERTIFICATE OF APPEALABILITY

A petitioner may appeal the decision of a district court's denial of a writ of habeas corpus

only when said petitioner has been issued a certificate of appealability (COA).  28 U.S.C. § 2253(c)(1).  To obtain a COA, a habeas petitioner must make a "substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).

When a district court dismisses a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, as in the case at bar, the petitioner bears the burden of proving a COA is warranted.  In Slack v. McDaniel, the United States Supreme Court defined the standard a petitioner must meet as follows:

> [A] COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

Slack, 529 U.S. 473, 484 (2000).  The Supreme Court further noted where a plain procedural bar exists and the district court is right to invoke it to dispose of the case at hand, "a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further."  Slack, 529 U.S. at 484.

Petitioner's habeas corpus petition was filed well beyond the expiration of the one-year limitations period provided by 28 U.S.C. § 2244(d)(1).  As this court has dismissed Petitioner's Petition (#1) on procedural grounds and Petitioner has failed to show that both: 1) jurists of reason would find it debatable whether the petition states a valid denial of constitutional rights; and 2) jurists of reason would find it debatable whether the district court was correct in its procedural ruling, a COA is unwarranted.  There is nothing to suggest that this court was anything but correct in its procedural ruling.  Therefore, a certificate of appealability is denied.

IT IS THEREFORE ORDERED THAT:

6

(1) This court agrees with Respondent that Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 by a Person in State Custody (#1) is untimely. Accordingly, Respondent's Motion to Dismiss (#10) is GRANTED and Petitioner's Petition (#1) is dismissed with prejudice as time-barred.

(2) Both Petitioner's Motion to Add Additional Information (#4) and Petitioner's Motion Requesting Additional Information (#13) are consequently deemed moot as they relate to Petitioner's Petition (#1).

(3) This case is terminated.

ENTERED this 30th day of July, 2010

**s/ Michael P. McCuskey**

MICHAEL P. McCUSKEY

CHIEF U.S. DISTRICT JUDGE